879 F.2d 863
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Keith RIDDICK, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary, Department of Health and Human
Services, Defendant-Appellee.
 No. 88-2627.
 United States Court of Appeals, Fourth Circuit.
 Argued: June 5, 1989.
Decided: July 18, 1989.
 
 Lee Edward Wilder (Rutter & Morgan, on brief), for appellant.
 Deborah Fitzgerald, Assistant Regional Counsel (Beverly Dennis, III, Chief Counsel, Region III; Charlotte Hardnett, Chief, Social Security Litigation Division, Department of Health & Human Services; Henry E. Hudson, United States Attorney; John F. Kane, Assistant United States Attorney, on brief), for appellee.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, ERVIN, Chief Judge, and WILKINS, Circuit Judge.
 PER CURIAM:
 
 
 1
 Keith Riddick appeals from a district court order affirming the Secretary's denial of his claim for social security disability benefits. We affirm.
 
 I.
 
 2
 Riddick filed an application for disability benefits in June 1985 alleging disability from back problems since June 19, 1982. His claim was denied initially and on reconsideration. After a hearing, an administrative law judge found that although Riddick suffered from severe impairments which precluded him from performing his past relevant work, he still could perform other jobs in the national economy. The Appeals Council denied Riddick's request for review, and the district court ultimately affirmed the denial of benefits.
 
 
 3
 The scope of appellate review is limited to whether the factual findings of the Secretary are supported by substantial evidence. 42 U.S.C.A. Sec. 405(g) (West 1983); Richardson v. Perales, 402 U.S. 389, 401 (1971). Here, the finding of the Secretary that Riddick can still perform work other than his past relevant work is supported by substantial evidence.
 
 II.
 
 4
 Riddick, a younger person[1] with a high school education, previously worked at a variety of jobs in the medium work range.[2] On June 19, 1982 while last employed as a merchant marine, Riddick fell down a flight of stairs on board his ship. As a result of the fall, Riddick suffered cervical and lumbosacral strain. Several months later in August, Riddick was involved in an automobile accident from which he again sustained acute cervical and lumbosacral strain. Riddick also suffered from preexisting degenerative changes to the vertebra.
 
 
 5
 Subsequently, Riddick was hospitalized numerous times and underwent a variety of treatments for his complaints of chronic back pain. By April 1983 Riddick's treating orthopedist determined that he could not help Riddick any further and referred him to a neurologist. Other doctors who evaluated Riddick in August 1983 determined that there were no objective signs of organic musculoskeletal disease and that his complaints of pain were disproportional to his physical condition. Riddick also underwent psychological evaluation and was diagnosed with depression and a somatiform disorder.[3]
 
 
 6
 Riddick's inability to perform his past relevant work is clearly supported by the medical evidence. After recovery from a laminectomy in October 1984, an orthopedist specifically opined that Riddick could not return to his former work. However, the orthopedist indicated that Riddick retained the functional capacity to perform work that does not require lifting more than 20 pounds or significant climbing. In addition, Riddick testified at his hearing that he could not sit or stand for long periods of time and that he needed to lie down several times a day.
 
 
 7
 A vocational expert testified that if Riddick were restricted to light work[4] which would allow him to move freely between positions of sitting and standing, he could perform such jobs as cashier, ticket seller, or food and beverage manager. The expert further testified that there were no jobs Riddick could perform if his condition required him to lie down several times a day.
 
 III.
 
 8
 The central issue is Riddick's allegations of totally disabling pain. The statutory provision for evaluation of pain states:
 
 
 9
 An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph (including statements of the individual or his physician as to the intensity and persistence of such pain or other symptoms which may reasonably be accepted as consistent with the medical signs and findings), would lead to a conclusion that the individual is under a disability. Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques (for example, deteriorating nerve or muscle tissue) must be considered in reaching a conclusion as to whether the individual is under a disability.
 
 
 10
 42 U.S.C.A. Sec. 423(d)(5)(A) (West Supp.1989).
 
 
 11
 The Secretary found that Riddick experienced significant pain at times, but refused to credit Riddick's testimony that he was required to lie down several times a day. This finding is supported by the evidence that his complaint is inconsistent with the medical evidence. The Secretary's ultimate finding that Riddick was not disabled because he retained the residual functional capacity to perform other jobs is supported by the expert medical and vocational opinions.
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 A "younger person" is under age 50. 20 C.F.R. Sec. 404.1563 (1988)
 
 
 [2]
 Medium work requires lifting no more than 50 pounds. 20 C.F.R. Sec. 404.1567(c) (1988)
 
 
 [3]
 Somatization is the conversion of mental experiences into bodily symptoms. Dorland's Illustrated Medical Dictionary 1438 (25th ed. 1974)
 
 
 [4]
 Light work does not require lifting of more than 20 pounds or significant climbing. 20 C.F.R. Sec. 404.1567(b) (1988)